CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAR 22  PM 3: 27

DEPUTY CLERK_____NT_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. |
| KAREN LANCASTER MCCUTCHIN | § | 3. - 13CR-110 - N |

## PLEA AGREEMENT

The defendant Karen Lancaster McCutchin (McCutchin), her attorneys Knox

Fitzpatrick, Robert Smith, and Robert Webster, and the United States of America (the

government), agree as follows:

1.    **Rights of the defendant**: McCutchin understands that she has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have her guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in her
        defense; and

    e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**: McCutchin agrees to waive these rights and

plead guilty to the offense alleged in a one count Information, charging McCutchin with

obstructing the execution of a search warrant, a violation of 18 U.S.C. § 1501.

McCutchin understands the nature and elements of the crime to which she is pleading guilty. She agrees that the factual resume she has signed is true and understands that it will be submitted as evidence.

3.      **Sentence**: Pursuant to 18 U.S.C. § 1501, the maximum penalties the Court can impose include:

   a.     imprisonment for a period not to exceed 12 months;

   b.     a fine not to exceed $100,000, or twice any pecuniary gain to McCutchin or loss to the victim(s);

   c.     a mandatory term of supervised release of not more than 1 years, which must follow any term of imprisonment. If McCutchin violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

   d.     a mandatory special assessment of $50;

   e.     restitution to victims or to the community, which may be mandatory under the law, and which McCutchin agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f.     costs of incarceration and supervision; and

   g.     forfeiture of property.

4.      **Court's sentencing discretion and role of the Guidelines:** McCutchin understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. McCutchin has reviewed the guidelines with her attorneys, but understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case. McCutchin will not be allowed to withdraw her plea if her sentence is higher than expected. McCutchin fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.      **Mandatory special assessment:**  McCutchin agrees to pay to the U.S. District Clerk prior to her sentencing hearing the amount of $50.00, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's agreement:**  McCutchin has and shall continue to give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, McCutchin shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. McCutchin expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate McCutchin's ability to satisfy any financial obligation imposed by the Court. McCutchin fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, McCutchin agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. McCutchin understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

**Plea Agreement – Page 3**

7.    **Government's agreement**: Based on McCutchin's timely plea of guilty to the Information and on her continued production of truthful information, the government will not bring any additional charges against McCutchin based upon the conduct underlying and related to her plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against McCutchin or any property.

8.    **Violation of agreement**: McCutchin understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute McCutchin for all offenses of which it has knowledge. In such event, McCutchin waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, McCutchin also waives objection to the use against her of any information or statements she has provided to the government, including any resulting leads.

9.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats or of promises apart from those set forth in this plea agreement.

10.    **Waiver of right to appeal or otherwise challenge or seek reduction in sentence**: McCutchin waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to

contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. She further waives her right to seek any future reduction in her sentence (e.g., based on a change in sentencing guidelines or statutory law). McCutchin, however, reserves the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of her initial sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel that influenced the voluntariness of the plea or waiver.

11.   **Representation of counsel**: McCutchin has thoroughly reviewed all legal and factual aspects of this case with her lawyers and is fully satisfied with her lawyers' legal representation. McCutchin has received from her lawyers explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyers, McCutchin has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than having this matter presented to a Grand Jury for the return of a felony Indictment, or to proceed to trial.

12.   **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____  3-4-2013
CANDINA S. HEATH          Date

APPROVED:

_____  3-13-13
LINDA C. GROVES           Date
Deputy Criminal Chief

Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel: 214.659.8600  Fax: 214.658.8812
candina.heath@usdoj.gov

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____  3/20/13
KAREN LANCASTER MCCUTCHIN          Date
Defendant

We represent Karen Lancaster McCutchin. We have carefully reviewed every part of this Plea Agreement with our client. To our knowledge and belief, our client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  3.21.13
KNOX FITZPATRICK          Date
Attorney for McCutchin

_____  10 MARCH 2013
ROBERT SMITH          Date
Attorney for McCutchin

_____  3/20/13
ROBERT WEBSTER          Date
Attorney for McCutchin